IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO F. BUEHLER, | § | CV NO. 5:15-CV-168-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE CITY OF GONZALES, a | § | |
| municipal entity; OFFICER GAYLE | § | |
| AUTRY, in his individual and official | § | |
| capacity; and OFFICER TAMMY | § | |
| WEST, in her individual and official | § | |
| capacity, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STAY

Before the Court is a Motion to Stay (Dkt. # 7) filed by Plaintiff

Antonio F. Buehler ("Plaintiff" or "Buehler").  Pursuant to Local Rule 7(h), the

Court finds this matter suitable for disposition without a hearing.  For the reasons

that follow, the Court **GRANTS** Plaintiff's Motion to Stay.  (Dkt. # 7.)

BACKGROUND

On March 13, 2013, Plaintiff attended a public court proceeding in the

City of Gonzales, where he began recording the judge in the presence of minors.

(Dkt. # 1 ¶ 15; Dkt. # 5 at 2.)  Plaintiff alleges that his phone was subsequently

seized and searched without his consent and that, after hours of waiting for its

1

return, he was ultimately ordered to erase the footage recorded on the phone.  (Dkt. # 1 ¶ 16.)  After Plaintiff complied with the order, Officers Gayle Autry ("Autry") and Tammy West ("West") escorted Plaintiff out of the courthouse.  (Id. ¶¶ 16–17.)  Plaintiff alleges that as he walked away, he said, "Go fuck yourself" to Defendant Autry.  (Id. ¶ 18.)  Defendants contend that Plaintiff yelled the statement repeatedly in the presence of several adults and a young child.  (Dkt. # 5 at 2.)  Consequently, Autry and West arrested Plaintiff for disorderly conduct in violation of Texas Penal Code § 42.01(a)(1) (Dkt. # 1 ¶ 21, 27), which states, in relevant part, that it is a crime for an individual to "use[] abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace."  Tex. Penal Code § 42.01(a)(1).  Plaintiff alleges that he remained in custody until the following day, when he was formally charged with disorderly conduct.  (Id. ¶¶ 29, 31.)  At trial, Plaintiff represented himself pro se and was convicted and assigned a penalty of one dollar by a jury.  (Id. ¶ 33.)  Plaintiff subsequently appealed his conviction and received a trial de novo,[1] which has not yet occurred.  (Id. ¶ 34.)

On March 4, 2015, Plaintiff filed his Complaint in this Court alleging claims under 42 U.S.C. § 1983, claims under the Texas Constitution, and tort claims against Defendants the City of Gonzales (the "City"), Autry in his

---

[1] Plaintiff's trial is consequently restored "to its position before the former trial." Tex. R. App. P. Rule 21.9(b).

individual and official capacities, and West in her individual and official capacities (collectively, "Defendants"). (Dkt. # 1.) Plaintiff seeks economic, compensatory, general, and special damages against Defendants; punitive damages against Defendants in their individual capacities; declaratory and injunctive relief as appropriate; and attorney's fees and costs. (Id. at 18.)

On April 15, 2015, Plaintiff filed the instant Motion to Stay. (Dkt. # 7.) On April 23, 2015, Defendants filed their Response, opposing an indefinite stay. (Dkt. # 8.)

## LEGAL STANDARD

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions." SEC v. First Fin. Grp., Inc., 659 F.2d 660, 666 (5th Cir. 1981). However, when a defendant in a civil case faces criminal charges, a district court may, in its discretion, stay the civil action. Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or declared otherwise invalid.  Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); accord DeLeon v. City of Corpus Christi, 488 F.3d 649, 652 (5th Cir. 2007). Accordingly, if a civil suit is stayed during a criminal proceeding and the plaintiff is ultimately convicted, "Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  Wallace, 549 U.S. at 394.

When it is "premature" to determine whether a Heck bar will apply to a plaintiff's claim because the defendant in the criminal case has not yet been convicted, the court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."  Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).  When, in cases such as this one, the defendant in the criminal proceeding is granted a retrial, the threshold question under Heck is "whether a victory in the 1983 suit would impact the pending retrial or potentially lead to inconsistent results."  Faulkner v. McCormick, No. CIV.A. 02-0326, 2002 WL 31465892, at *2 (E.D. La. Nov. 1, 2002) (citing Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 1996)).

<u>DISCUSSION</u>

In his Motion to Stay, Plaintiff argues that a stay of the civil matter is warranted because it will promote judicial economy and efficiency for the parties. (Dkt. # 7 at 1.)  Plaintiff contends that, to maximize such benefits and avoid any <u>Heck</u> issues, the stay should extend until the final resolution of any direct appeal. (<u>Id.</u> at 3.)  The Court first examines whether a stay is warranted and then, if so, the proper scope of that stay.

I.       <u>Whether a Stay is Warranted</u>

Plaintiff's civil case alleges § 1983 claims, Texas constitutional claims, and tort claims arising out of his March 13, 2013 arrest and detention. (Dkt. # 1 at 8–18.)  Each civil claim advances from the same premise: Plaintiff's arrest was a result of an unlawful interpretation of the definition of disorderly conduct in § 42.01.  If Plaintiff is correct, he cannot be convicted of the crime; if Plaintiff is incorrect, he can be convicted.  In other words, the civil and criminal cases involve the same question of law and hinge on the same facts.

This is precisely the circumstance that <u>Mackey</u> considered appropriate for a stay: a case where any determination as to the applicability of <u>Heck</u> is premature because Plaintiff has not been convicted, but where a decision in the civil case could affect the validity of the ultimate decision in the criminal case. Accordingly, a stay is appropriate in this case.  <u>See, e.g.</u>, <u>McCollom v. City of</u>

Kemp, Tex., No. 3:14-CV-1488-B, 2014 WL 6085289, at * 4 (N.D. Tex. Nov. 14, 2014) (finding that a stay was warranted where the criminal and civil actions arose out of the same incident and were so closely related that a determination on the civil case would have implicated the validity of the conviction); Quinn v. Guerrero, No. 4:09-CV-166, 2010 WL 412901, at *3 (E.D. Tex. Jan. 28, 2010) (finding that a stay was warranted where the civil and criminal cases arose out of the same set of facts).

II.    Determining the Scope of the Stay

Once the court resolves to stay a civil case alleging § 1983 claims, the matter should be stayed "until the pending criminal case has run its course." Mackey, 47 F.3d at 746.  Because a stay is only appropriate when it is reasonable in length and definite in duration, Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008) (citing McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982)), courts within the Fifth Circuit generally limit Heck-related stays to the conclusion of the criminal proceedings, rather than through the conclusion of the appellate process.[2]

_____

[2] Although Plaintiff cites various cases from district courts outside the Fifth Circuit, he does not cite any cases from within the Fifth Circuit that extend the scope of the stay to the conclusion of appellate proceedings.  The Court has searched in vain for cases within the Fifth Circuit that extend the scope of the stay through the conclusion of direct appeal; all of the cases from within the Fifth Circuit that the Court found extended the stay only through conclusion of criminal proceedings.  See, e.g., Conrad v. Wayne KRC, No. 6:15-CV-77, 2015 WL

Although Plaintiff is correct that his post-indictment, pre-conviction status renders a decision on a <u>Heck</u> bar premature at this point—thereby warranting a stay—his status at the conclusion of criminal proceedings will permit the Court to decide the <u>Heck</u> issue.  If Plaintiff is ultimately convicted in his criminal case, <u>Heck</u> will necessitate dismissal of Plaintiff's civil case; if Plaintiff is not convicted, his civil case will proceed.  See <u>Wallace</u>, 549 U.S. at 394. Accordingly, the reasonable scope of the stay extends only to the conclusion of Plaintiff's criminal trial, when a decision on the <u>Heck</u> bar is no longer premature. The appropriate scope of the stay is therefore limited to the conclusion of the criminal trial, and the Court **DENIES** Plaintiff's request to extend the stay until the conclusion of all appellate proceedings.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Stay.  (Dkt. # 7.)  Accordingly, this action is **STAYED** in its entirety until the criminal trial against Plaintiff are completed, subject to the following conditions:

(1)     Within thirty (30) days of the conclusion of the criminal trial, Defendants shall file a motion asking the Court to lift the stay.

---

1739056, at *2 (E.D. Tex. Apr. 14, 2015); <u>McCollom</u>, 2014 WL 6085289, at *5; <u>Iberia Texaco Food Mart, LLC v. Ackal</u>, No. 6:12-1450, 2013 WL 166396, at *4 (W.D. La. Jan. 14, 2013).

(2)     If the criminal proceedings have not concluded within six (6) months of the
date of this order, Defendants shall file a status report indicating the
expected completion date of the proceeding.  Additional status reports shall
be filed every three (3) months thereafter until the stay is lifted.

The Clerk of Court is hereby directed to **ADMINISTRATIVELY
CLOSE** this action.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, June 11, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

8